UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CONSTRUCTION MATERIALS TESTING, INC., et al., <br><br> Defendants. | Case No. 15-cv-05325-DMR <br><br> **ORDER TO SUBMIT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 20 |

On April 15, 2016, Plaintiffs Pension Plan for Pension Trust Fund for Operating Engineers filed a motion for default judgment. [Docket No. 20.] After reviewing the motion, the court requested supplemental briefing, which Plaintiff timely filed. [Docket Nos. 39, 41.] The court now requests additional briefing.

In order to recover damages after securing a default judgment, a plaintiff must prove the relief it seeks by submitting proper evidence by way of a sworn affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

Plaintiffs' request for $2,454,916.00 in withdrawal liability is not sufficiently supported. *See* MDJ at 1, 7, 9. Plaintiffs claim that the principal owed by Defendant Construction Materials Testing, Inc. ("CMT") is based upon calculations provided by Horizon Actuarial Services, LLC ("Horizon"), the Plaintiffs' actuary. Trento Decl. [Docket No. 22] at ¶ 7. Plaintiffs have attached a letter from Johnathan Feldman, a consulting actuary for Horizon, stating that based on Horizon's calculations, CMT's withdrawal liability is $$2,454,916.00. Trento Decl., Ex. B. However, Mr. Feldman's letter regarding CMT's withdrawal liability is not under oath, and his letter does not

explain in detail how Horizon determined CMT's withdrawal liability.  The amount requested by Plaintiffs is too large to be awarded on a motion for default judgment without a sufficient record and a sworn affidavit justifying the sum in detail.  *See Pension Plan for Pension Tr. Fund for Operating Eng'rs v. Dynamic Consultants, Inc.*, No. 3:12-CV-00487-WHA, 2012 WL 3629046, at *3 (N.D. Cal. Aug. 21, 2012) (denying motion for default judgment requesting $1,094,355 in unpaid ERISA contributions without prejudice where the sum was not supported by a sworn record justifying the sum in detail).

Additionally, Plaintiffs request ten percent (10%) per annum in interest on the unpaid liability under Section X(B) of the Trust's Withdrawal Liability Procedures adopted on May 24, 2010 ("Procedures").  Trento Decl. at ¶ 9.  Plaintiffs note that interest is calculated on the Accelerated Withdrawal Liability of $2,454,916.00 is $304,674.21, and requests the interest continue to accrue at a rate of $672.57 until paid in full.  MDJ at 7.  Plaintiffs refer to the Trento declaration, which has the same interest calculation of $304,674.21 but reports a daily accrual rate of $672.58.  Plaintiffs shall clarify the rate they are requesting and make changes to the accrued interest request as necessary.

Plaintiff shall submit additional briefing by 9:00 a.m. on July 20, 2016, to address the above deficiencies in the motion for default judgment.  Any opposition or statement of non-opposition is due no later than July 25, 2016.

The hearing on the motion for default judgment set for July 28, 2016 at 11:00 a.m. at 1301 Clay Street, Oakland, California remains on calendar.

**Immediately upon receipt of this Order, Plaintiffs shall serve Defendant with a copy of this Order and file a proof of service with the court.**

**IT IS SO ORDERED.**

Dated: July 15, 2016

Donna M. Ryu
United States Magistrate Judge

2